

1 | DANIEL G. BOGDEN
United States Attorney
2 | District of Nevada
J. Gregory Damm
3 | Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
4 | Las Vegas, Nevada 89101
Telephone: (702) 388-6336
5 | Facsimile: (702) 388-5087

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL INDICTMENT |
| Plaintiff, ) | 2:13-CR – 222 |
| vs. ) | Violations: |
| CYNTHIA HOSBROOK, and ) ROBERT HOSBROOK, ) | 18 U.S.C. § 1349 - Conspiracy to Commit Bank Fraud; and, |
| Defendants. ) | 18 U.S.C. §1344 - Bank Fraud |

THE GRAND JURY CHARGES THAT:

INTRODUCTION

At all times relevant to this Indictment:

1.      A "straw buyer" is an individual who allows residential real estate to be purchased in his or her name in order to facilitate the acquisition of property for another person and to conceal the identity of the true purchaser from the lender.

2.      A "short sale" is a type of loan modification involving the sale of real estate in which the sale proceeds fall short of the balance due on the home loans which are secured by liens against the property. Generally, the property owner cannot afford to repay the full amount of the liens and the lien holders agree to release their liens on the real estate and accept less than the full amount of money owed on the debt. Any unpaid balance owed to the creditors is known as a deficiency. Short sale agreements do not necessarily release borrowers from their obligations to repay any deficiencies on the loans, unless specifically agreed to between the parties.

A short sale is often used as an alternative to foreclosure because it reduces additional fees and costs to both the creditor and borrower associated with a property foreclosure.  Creditors often require the borrower to prove an economic or financial hardship which prevents them from being able to pay the original debt and any loan deficiency.  Creditor liens against real estate can include both primary and secondary mortgages.  All creditors need to approve short sale applications when asked by the borrower to take less than the full amount remaining on the loan(s).

3.  A "hardship letter" is a document provided by the borrower to a lender explaining the reasons for the home loan delinquency and requesting a loan modification or some other form of debt relief.  A hardship letter is a normal part of the short sale or debt relief process.  A hardship letter helps the lender evaluate the borrower's situation and find an appropriate solution based upon ones intent, income, loan(s) and special circumstances.

4.  A "hardship" is a circumstance beyond the borrower's control that has resulted in a situation where one can no longer afford to make mortgage payments.  Hardships that qualify for short sale consideration may include the loss of a job, a reduction in pay or work hours, a job transfer, medical expenses from a serious illness for the homeowner or a family member, separation or divorce, an adjustable interest rate loan that is reset at a higher interest rate, military service, or a natural disaster.

<u>Count 1</u>
(Conspiracy to Commit Bank Fraud)

5.  Paragraphs 1 through 4 of this indictment are re-alleged and incorporated herein as if set forth in full.

6.  From in or about March 2010, to in or about July 2010, in the State and Federal District of Nevada, and elsewhere,

Cynthia Hosbrook, and
Robert Hosbrook,

defendants herein, did knowingly and willfully combine, conspire, and agree with each other to commit bank fraud by devising a scheme and artifice to defraud and to obtain money and property under the custody and control of a federally insured financial institution, by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

### The Objectives of the Conspiracy

7.     The objective of the conspiracy and scheme to defraud was for defendants Cynthia Hosbrook and Robert Hosbrook to short sale their residence at 2704 Mallard Landing Avenue, Henderson, Nevada, to a straw buyer by means of materially false and fraudulent pretenses, representations, and promises to Wells Fargo Bank a federally insured financial institution, to induce Wells Fargo Bank to approve the short sale, when defendants Cynthia Hosbrook and Robert Hosbrook intended to reside in, possess, and control the residence in violation of the short sale agreement and avoid their obligations under the promissory note to pay Wells Fargo Bank the full value of the note they used to purchase the residence.

### Manner and Means

8.     The manner and means by which the objectives of the conspiracy were accomplished included, but were not limited to, the following:

a.     Defendant Cynthia Hosbrook solicited a relative to be the straw buyer for the residence.

b.     Defendants Cynthia Hosbrook and Robert Hosbrook and the relative / straw buyer falsely and fraudulently represented in the Short Sale Contract Addendum dated March 2, 2010, for the short sale of the residence that (1) the sale would be an "Arms Length Transaction;" (2) the short sale was "between two unrelated parties" and that "[n]o party to [the] contract is a family member, business associate, or shares a business interest with the mortgagor (Sellers);" (3) there were no "agreements written or implied that will allow the Seller to remain in the property as renters or regain ownership of said property at anytime after the execution of this Short Sell transaction;" and (4) the short sale "will not constitute ... straw buying."

3

1    c.    Defendants Cynthia Hosbrook and Robert Hosbrook signed and caused to be

2 signed a Purchase Agreement and a Short Sale Listing Addendum dated March 2, 2010, wherein the

3 Hosbrooks were purportedly agreeing to sell the residence to an unrelated party when the Hosbrooks

4 then and there well knew that they were selling the residence to a straw buyer/relative.

5    d.    Defendants Cynthia Hosbrook and Robert Hosbrook sent a hardship letter dated

6 May 6, 2010, to Wells Fargo Home Mortgage requesting short sale approval of their home.

7    e.    Defendants Cynthia Hosbrook and Robert Hosbrook falsely and fraudulently

8 represented in a Wells Fargo Home Mortgage letter dated June 7, 2010, that "the purchaser is not

9 related to the seller" in the sale of the residence, which statement they then and there well knew to be

10 false and fraudulent.

11    f.    Defendants Cynthia Hosbrook and Robert Hosbrook caused the relative / straw

12 buyer to sign a Buyer's General Information form July 9, 2010, from Ticor Title of Nevada, Inc.,

13 stating that "[she] will be residing at the property [she is] buying," which the Hosbrooks then and there

14 well knew to be a false and fraudulent misrepresentation.

15    All in violation of Title 18, United States Code, Section 1349.

16
                                    Count 2
17                               (Bank Fraud)

18    1.    Paragraphs 1 through 8 of this indictment are re-alleged and incorporated herein as if

19 set forth in full.

20    2.    From in or about March 2010, to in or about July 2010, in the State and Federal District

21 of Nevada, and elsewhere,

22                         Cynthia Hosbrook, and
                           Robert Hosbrook,
23

24 defendants herein, did devise a scheme and artifice (a) to defraud Wells Fargo Bank, a financial

25 institution insured by the Federal Deposit Insurance Corporation (FDIC), and (b) to obtain moneys,

26

                                        4

funds, credits, assets, securities, and other property owned by and under the custody and control of Wells Fargo Bank, by means of materially false and fraudulent pretenses, representations, and promises.

       3.     On or about March 2, 2010, defendants Cynthia Hosbrook and Robert Hosbrook executed and attempted to execute the scheme and artifice as set forth in paragraphs 1-8.

      All in violation of Title 18, United States Code, Section 1344.

Dated this ___12th___, day of June, 2013.

**A TRUE BILL:**

/S/_____
FOREPERSON OF THE GRAND JURY

DANIEL G. BOGDEN
United States Attorney

J. GREGORY DAMM
Assistant United States Attorney

5